UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WENDELL KENT FREEMAN,<br>    Plaintiff, | Case No. 1:22-cv-203<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| JONATHAN SPOLJARIC, et al., | ORDER AND REPORT AND<br>RECOMMENDATION |

Pro se plaintiff Wendell Kent Freeman filed this civil rights action on April 13, 2022 (Doc. 1). On May 11, 2022, defendants Jonathan Spoljaric and Lawrence County filed both a motion to dismiss and an answer to plaintiff's complaint. (Docs. 7, 8). The next day, the Court issued a notice advising plaintiff that he risked dismissal of the action if he did not file a response to the motion to dismiss within 21 days of the date reflected in the motion's certificate of service. (Doc. 9). On June 6, 2022, plaintiff filed an amended complaint. (Doc. 11). This matter is before the Court on defendants' motion to dismiss the original complaint (Doc. 7), defendants' motion to strike the amended complaint (Doc. 13), and plaintiff's response to the latter (Doc. 14).

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within[,] . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, the opposing party must consent in writing or the Court must grant leave to amend a

complaint; and the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court must consider several factors in determining whether to permit an amendment, including "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019) (citing *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 805 (6th Cir. 2005)).

Defendants argue that plaintiff's amended complaint was filed outside the time period set forth in Rule 15(a)(1)(B), and plaintiff failed to seek either opposing counsel or the Court's prior authorization under Rule 15(a)(2). In response, plaintiff argues that defendants fail to consider the application of Rules 5 and 6 to the deadline otherwise at issue.

Plaintiff has not sought or been granted electronic filing rights in this case. *See* S.D. Ohio Civ. R. 5.1(c) ("[A]ll documents shall be filed electronically using the ECF system except that documents filed by *pro se* litigants shall be filed on paper."). As such, defendants' motion to dismiss was served by mail to plaintiff's last known address. Fed. R. Civ. P. 5(b)(2)(C). Rule 6 provides that a party served by mail is afforded 3 additional days beyond an otherwise applicable response deadline. Fed. R. Civ. P. 6(d). Applied to defendants' motion to dismiss, plaintiff's extended deadline ran on Saturday, June 4, 2022. Further, if a response period calculated in days expires on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Here, application of that Rule resulted in the extension of plaintiff's response deadline to Monday, June 6, 2022.

Because plaintiff's amended complaint was filed within the Rule-adjusted response deadline, it is appropriate as a matter of course under Rule 15(a)(1)(B). The Court therefore concludes that this amended complaint (Doc. 11) supersedes the original complaint (Doc. 1). *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (an amended complaint is the legally operative complaint) (citation omitted). As such, defendants' motions are moot. *See Greater Cincinnati Coal. for Homeless v. City of Cincinnati*, No. C-1-08-603, 2009 WL 3029661, at *3 (S.D. Ohio Sept. 16, 2009) (citing *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002)).

**IT IS THEREFORE ORDERED THAT** defendants' motion to strike (Doc. 13) is **DENIED as moot**.

**IT IS THEREFORE RECOMMENDED THAT** defendants' motion to dismiss (Doc. 7) be **DENIED as moot**.

Date: 7/22/2022

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WENDELL KENT FREEMAN,  Case No. 1:22-cv-203
    Plaintiff,  Cole, J.
                                                                                 Litkovitz, M.J.

vs.

JONATHAN SPOLJARIC, et al.,

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981).