UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WENDELL KENT FREEMAN,<br>    Plaintiff, | Case No. 1:22-cv-203<br>Cole, J.<br>Litkovitz, M.J. |
| v. | |
| JONATHAN SPOLJARIC,<br>    Defendant. | **ORDER** |

This matter is before the Court on defendant's motion for sanctions pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure (Doc. 50), plaintiff's response (Doc. 55), and defendant's reply (Doc. 56).

### I.     Background

Plaintiff filed this lawsuit on April 13, 2022, and the Court issued a Calendar Order establishing February 15, 2024 as the discovery deadline. (Doc. 40). Defendant first served plaintiff with written discovery requests on June 28, 2022. (Doc. 50 at PAGEID 379). After follow-ups by defendant's counsel in August of 2022 and May of 2023, plaintiff provided partial responses on May 18, 2023. (*Id.*; Doc. 56 at PAGEID 414).

As the discovery deadline approached, defendant's counsel requested an informal discovery conference with the Court regarding these partial responses and other outstanding discovery requests, which was held on January 30, 2024. Following that conference, the Court ordered as follows:

1. Plaintiff shall provide to defendant's counsel the initial disclosures identified in Rule 26(a) on or before February 9, 2024—including the names and contact information of the potential non-expert witnesses that plaintiff referenced during the conference.

2. Plaintiff shall provide to defendant's counsel all remaining and accessible video footage from his interior and exterior camera systems on or before February 9, 2024.

3. Counsel for defendant has agreed to utilize the medical authorizations received from plaintiff to obtain the documents sought by requests for production of documents 4 and 5.

4. Plaintiff shall respond to defendant's interrogatories numbered 5, 7, 8, 9, 10, 12, and 18 and requests for production of documents numbered 4, 5, 8, 10, 11, 14, and 15; sign his responses; and return them to defendant's counsel. Plaintiff has already provided forms authorizing the release of his medical records to defendant's counsel for four medical care facilities. If plaintiff seeks damages related to medical treatment from any other facilities, he must provide to defendant's counsel forms authorizing the release of those records. Defendant's counsel will forward blank forms to plaintiff for this purpose. All of the foregoing shall occur or before February 9, 2024, except plaintiff's response to defendant's request for production number 15, which shall occur on or before February 16, 2024.

5. The parties plan to participate in mediation prior to retaining expert witnesses. The expert disclosure and report, discovery, and dispositive motion deadlines are therefore **STAYED** pending the completion of this mediation.

6. Defendant's counsel is permitted to take photos at plaintiff's property at a mutually agreeable date and time to be determined by the parties.

7. Defendant's counsel shall resubmit to plaintiff an authorization form for the release of his Verizon wireless records, which plaintiff shall fill out and return without changes to the form's substance (i.e., records produced *may* include third-party phone numbers). Absent further order of this Court, defendant is limited to using the resulting records for the sole purpose of establishing whether plaintiff had use of his cell phone between January 21 and February 10, 2022.

8. Plaintiff may not use a potential witness to assist him in an organizational capacity with the depositions of defendant and Sheriff Jeff Lawless. As soon as possible prior to these depositions, plaintiff will disclose to defendant's counsel any non-witness that will attend in such capacity.

(Doc. 48 at PAGEID 374-75).

This Order also set a follow-up telephone status conference for February 26, 2024. (*Id.* at PAGEID 375). Plaintiff did not appear at this conference and subsequently explained in

2

response to this Court's Order to Show Cause (Doc. 49) that he was assisting friends with a family emergency that day and had incorrectly calendared the start time for the conference. (*See* Doc. 51). In the interim, defendant filed the pending motion for sanctions, asserting that items 1, 2, 4, and 7 from the Court's Order following the informal discovery conference (Doc. 48) remain outstanding.[1] Defendant seeks dismissal of this action as a sanction.

## II. Legal standard

Rule 37 provides enforcement mechanisms for a party's failure to make disclosures or cooperate in discovery, and states that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These "further just orders" may include orders:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* Instead of or in addition to these orders, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees,

---

[1] Defendant has also not been able to complete taking the photographs referenced in item 6. (*See* Doc. 48, PAGEID 375 at ¶ 6). The parties disagree about whether defendant's counsel's attempt to take such photographs exceeded the Court's permission given in its prior Order. Defendant concedes that this is "not relevant in determining whether to sanction Plaintiff. . . ." (Doc. 56 at PAGEID 417).

3

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).[2]

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Peltz v. Moretti*, 292 F. App'x 475, 478 (6th Cir. 2008) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (in turn citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976))). Courts in the Sixth Circuit apply a four-factor test to determine whether dismissal is an appropriate sanction under Rule 37(b)(2)(A):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* (quoting *Reyes*, 307 F.3d at 458).

A finding of willfulness, bad faith, or fault "requires 'a clear record of delay or contumacious conduct.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland*, 103 F.3d at 1277). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient" and "must display either an intent to thwart

---

[2] While stated in mandatory terms, "the court should not order the payment of attorney's fees if doing so would be 'unjust.'" *John B. v. Emkes*, 517 F. App'x 409, 411 (6th Cir. 2013) (quoting Fed. R. Civ. P. 37(b)(2)(C)). *See also Asamoah v. Amazon.com Servs., Inc.*, No. 2:20-cv-03305, 2023 WL 3320432, at *2 (S.D. Ohio May 9, 2023) (declining to award attorney fees against a pro se plaintiff where the Court had already dismissed the action as a discovery sanction—explaining that "[t]he imposition of monetary sanctions does not provide a meaningful degree of extra punitive or deterrent benefit, especially where a litigant is *pro se*").

judicial proceedings or a reckless disregard of the effect of [the non-moving party's] conduct on those proceedings." *Mager*, 924 F.3d at 837 (quoting *Carpenter*, 723 F.3d at 705 (citation and internal quotation marks omitted from first quoted phrase)).

"[A] defendant is prejudiced by a plaintiff's failure to cooperate in discovery when the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).

Prior notice that a party's further noncompliance would result in dismissal is not indispensable but is one factor to be considered. *Id.* (citing *Reyes*, 307 F.3d at 458; *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (noting that under some circumstances, the district court can "dismiss a complaint . . . even without affording notice of its intention to do so")). Finally, although district courts should first look to an "alternative sanction [that] would protect the integrity of the [judicial] process," the district court has the power to dismiss the complaint as "the first and only sanction. . . ." *Id.* (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 738 (6th Cir. 2008)).

In addition to the authority granted under Rule 37, "[f]ederal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). "[A] district court has the inherent power to sanction a party when that party exhibits bad faith," including by refusing to comply with a court order. *Brown v. Tellermate Holdings, Ltd.*, No. 2:11-cv-1122, 2015 WL 4742686, at *6 (S.D. Ohio Aug. 11, 2015) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (collecting cases)). Although the district court "ordinarily should rely on the Rules rather than the inherent power," the Sixth Circuit has held that the

district court may "resort to its inherent authority to sanction bad-faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes[.]" *Metz v. Unizan Bank*, 655 F.3d 485, 491 (6th Cir. 2011) (quoting *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 (6th Cir. 2002) (discussing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991))).

### III. Arguments

In addition to items 1, 2, 4, and 7 from this Court's prior Order (Doc. 48) that plaintiff has yet to produce, defendant emphasizes plaintiff's other discovery delays in this action:

- Plaintiff failed to respond to defendant's first set of written discovery requests, served June 28, 2022, until nearly one year later—on May 18, 2023. Defendant argues that despite waiting nearly a year for responses, they were incomplete. (*See* Doc. 56 at PAGEID 414).

- Plaintiff failed to respond to defendant's first or second requests for admissions (served on June 28, 2022 and January 5, 2023) until plaintiff filed a motion to deem the requests for admissions admitted. (*See* Doc. 29; Doc. 56 at PAGEID 413-14). Following this motion, District Judge Cole ordered plaintiff to show cause regarding the same and respond to both of defendant's requests for admissions and notify the Court thereof by April 28, 2023. (*See* Doc. 34).[3] Although plaintiff did not complete such responses by such date, the District Judge nevertheless denied defendant's motion as moot by notation order dated May 4, 2023 following plaintiff's May 2, 2023 statement of cause (Doc. 37).

- Despite a non-expert witness disclosure deadline of August 30, 2023, plaintiff did not provide this document until January 26, 2024 and subsequently indicated that it might be incomplete at the informal discovery conference held January 30, 2024.

Defendant argues that the sum of these delays have left him—nearly two years into the defense of this action—without fundamental information about the case, including those with discoverable information related to the case; documents or electronically stored information in plaintiff's possession, custody or control; and plaintiff's damages computations.

---

[3] In this Order, District Judge Cole "**NOTIFIE[D]** [plaintiff] that if he continue[d] to fail to respond to Defendants' discovery requests in this matter, the Court may impose sanctions up to and including dismissing his case with prejudice." (*Id.* at PAGEID 341).

6

Defendant argues that these delays and their consequences have been expensive and prejudicial. Defendant has had to file motions to obtain information to which he is entitled under the Federal Rules of Civil Procedure (*see* Doc. 29, 50). Defendant also argues that he cannot prepare for mediation or trial without, for example, examining the medical records supporting plaintiff's emotional damages or reviewing phone records for purposes of plaintiff's First Amendment retaliation claim.

Plaintiff responds generally to defendant's delay arguments by stating that he has "informed the court of his personal financial challenges, injuries and recoveries therefrom during the course of this litigation, which has resulted in the necessity of his filing motions for time." (Doc. 55 at PAGEID 407). More specifically, plaintiff argues that he has "provided medical records from numerous medical providers" and "provided release waivers to defendants' counsel. . . ." (*Id.* at PAGEID 407). Plaintiff argues that he has "responded to numerous admissions and interrogatories" and that defendant's counsel "complained that she was not satisfied with the responses without providing a legitimate cause for complaint." (*Id.*). Plaintiff argues that he has produced his non-expert witness list. Plaintiff argues that "he signed a waiver for Verizon to release his cell phone records to opposing counsel" but "Verizon directed [defendant's counsel] to obtain a Subpoena." (*Id.* at PAGIED 408). Finally, plaintiff argues that defendant fails to demonstrate his bad faith or prejudice resulting from his delays.[4]

In reply, defendant argues that it took plaintiff nearly three months to provide signed medical releases for facilities where plaintiff received treatment for physical injuries; otherwise, plaintiff merely provided "sixty-seven (67) pages of medical records that *he* deemed relevant." (Doc. 56 at PAGEID 415 (emphasis added)). As to the medical releases related to plaintiff's

---

[4] Plaintiff also makes arguments related to defendant's discovery responses and defendant's counsel's compensation for her work on this case (*see id.*), which the Court finds irrelevant to the disposition of this motion.

emotional damages, defendant argues that the releases were neither signed before a witness (as required) nor returned within the time frame established in the Court's prior Order (Doc. 48). As to plaintiff's contention that he responded to some amount of discovery, defendant argues that this only came after months of delay and a motion to deem requests for admissions admitted; *even then*, plaintiff's responses were incomplete, and defendant was required to request an informal discovery conference. In response to plaintiff's argument regarding the non-expert witness list, defendant admits that plaintiff's non-expert witness list need not be amended if plaintiff will not call the person plaintiff identified at the January 30, 2024 conference as a witness in this case but argues nevertheless that the witness must be disclosed under Rule 26(a). Regarding Verizon cell phone records, defendant argues that the only record he has received from plaintiff is "a screenshot of partial phone records" that does not comply with its request for production of documents. (Doc. 56 at PAGEID 418). (*See* Doc. 56-5 (copy of screenshot provided by plaintiff)). Regarding prejudice, defendant reiterates the delay, additional briefing, and Court intervention resulting from plaintiff's conduct. Defendant argues that plaintiff's pro se status does not insulate him from the requirements of the Federal Rules of Civil Procedure or Orders of this Court.

**IV.    Analysis**

The first element regarding the imposition of dismissal as a sanction is whether plaintiff's conduct is the result of willfulness, bad faith, or fault, which "requires 'a clear record of delay or contumacious conduct.'" *Carpenter*, 723 F.3d at 704 (quoting *Freeland*, 103 F.3d at 1277). If not contumacious conduct, the record in this case clearly shows delay. Emblematically, though this case was filed in April of 2022—nearly two years ago—plaintiff has yet to serve defendant with the initial disclosures required under Rule 26(a). On the other hand, while plaintiff has

8

delayed the proceedings, he has also sought extensions (*see* Docs. 22, 52), responded to the Court's Orders to Show Cause (*see* Docs. 37, 51) with explanations that the Court has accepted (*see* May 4, 2023 docket notation and Doc. 54), and cited—albeit generally—health and financial reasons for his delays. The record before the Court does not clearly demonstrate that plaintiff intended to disobey the Court's orders or thwart proceedings. The Court therefore finds that this element does not strongly favor either party.

The second element is prejudice to defendant as a result of plaintiff's conduct. This element favors defendant, who was required follow-up with plaintiff, file additional motions (Docs. 29, 50), and participate in additional conferences with the Court in an effort to secure discovery to which he is entitled. *See Fharmacy Records*, 379 F. App'x at 524.

The third element is whether plaintiff was warned that his conduct might lead to dismissal of his action. District Judge Cole issued exactly such a warning in March of 2023. (*See* Doc. 34 at PAGEID 341).

Finally, although district courts are instructed to first look to an "alternative sanction [that] would protect the integrity of the [judicial] process," the district court has the power to dismiss the complaint as "the first and only sanction." *Fharmacy Records*, 379 F. App'x at 524 (citing *Schafer*, 529 F.3d at 738). Defendant argues that any sanction short of dismissal will only result in further delay. Plaintiff's response to defendant's motion offers the Court no apparent reason to find otherwise. Plaintiff does not explain his failure to address items 1 and 2 in the Court's prior Order (Doc. 48) at all. As to the medical releases in item 4, plaintiff concedes that he did not fill out the forms according to their instructions. As to the remainder of item 4, at best, plaintiff appears to contest to scope and relevance of the discovery requested. But the Court already conducted an informal discovery conference at which these discovery requests

were discussed in detail, the Court ordered plaintiff to respond by a date certain, and plaintiff failed to respond. (*See* Doc. 48). As to item 7, the Verizon records release, while plaintiff states that he provided this to defendant's counsel, he provides neither details nor documentation regarding when and how, and defendant maintains that he has not received it. Otherwise, plaintiff refers generally to financial and medical difficulties but fails to tie these explanations to the particular delays cited in defendant's motion.

The Court acknowledges that it is to proceed with "particular caution in the absence of contumacious conduct. . . ." *Fharmacy Records*, 379 F. App'x at 524 (quoting *Schaefer*, 529 F.3d at 738 (6th Cir. 2008)). Finding no evident contumacious conduct by plaintiff, and in an abundance of caution given the drastic sanction requested, the Court declines to award the sanction of dismissal at this time. Instead, plaintiff is hereby **ORDERED** to provide the following to defendant on or before **May 10, 2024:**

1. Rule 26(a) initial disclosures, including the name and contact information for the individual with information about plaintiff's case identified during the January 30, 2024 conference;

2. All remaining and accessible video footage from his interior and exterior camera systems;

3. Completed and signed responses to defendant's interrogatories numbered 5, 7, 8, 9, 10, 12, and 18 and requests for production of documents numbered 4, 5, 8, 10, 11, 14, and 15;

4. Completed forms (previously provided by defendant's counsel), *including witnessing signatures*, authorizing the release of plaintiff's medical records related to his emotional injuries for any facilities at which he received related treatment;

5. Completed form (previously provided by defendant's counsel) authorizing the release of plaintiff's Verizon wireless records.

If plaintiff fails to provide any of the above to defendant by **May 10, 2024,** defendant may file a report to the Court indicating the same, and the Court will issue a Report and Recommendation

to the District Judge for dismissal of this action based on such failure and the foregoing case history discussed above.

      Finally, the parties shall select a mutually agreeable time on or before May 10, 2024 for defendant's counsel and another individual to return to plaintiff's property to photograph the area where plaintiff fired his gun on the date at issue. (*See* Doc. 48, PAGEID 375 at ¶ 6). These photographs should not capture plaintiff's residence except to the extent necessary to achieve a full view of the part of plaintiff's property where he fired his gun on the date at issue.

      **IT IS SO ORDERED.**

Date: 4/29/2024

*[signature]*
Karen L. Litkovitz
United States Magistrate Judge