UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WENDELL KENT FREEMAN,<br>    Plaintiff, | Case No. 1:22-cv-203<br>Cole, J.<br>Litkovitz, M.J. |
|     v. | |
| JONATHAN SPOLJARIC,<br>    Defendant. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on defendant's motion for sanctions pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure (Doc. 50), plaintiff's response (Doc. 55), and defendant's reply (Doc. 56). After review of the parties' filings, the Court issued an interim Order directing plaintiff to provide certain outstanding information by May 10, 2024. (Doc. 57). On May 13, 2024, defendant filed a status report indicating that plaintiff had not fully complied with the Order. (Doc. 58). The Court ordered plaintiff to respond to the alleged deficiencies (Doc. 59), which he did (Doc. 60). Thereafter, on June 17, 2024, the Court held a telephone status conference to narrow the remaining discovery issues.

**I. DEFENDANT'S ORAL MOTION**

Defendant stated that approximately three minutes of video footage from plaintiff's security system, which covers the period just prior to the events giving rise to this lawsuit, are apparently missing from plaintiff's production. Defendant made an oral motion that plaintiff be prohibited from introducing *any* of his security system footage as evidence since the footage plaintiff provided to defendant is incomplete. In response, plaintiff represented to the Court that he has been unable to locate or recover this part of the footage. The Court **OVERRULES** defendant's oral motion, but defendant remains free to challenge plaintiff's reliance on video

evidence in a motion in limine prior to a summary judgment motion or trial before the District Judge.

## II. REPORT AND RECOMMENDATION

Of the remaining discovery issues, the Court finds that only one requires this Court's recommendation to the District Judge. At the telephone status conference, defendant stated that he has no contact information for "Missy," the individual referenced in plaintiff's complaint as having called plaintiff on the morning of the incident at issue.[1] Defendant argues that he is entitled to this information as part of plaintiff's initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) ("[A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses. . . ."). Plaintiff represented to the Court that he does not have this individual's contact information, and she has since moved away.

Rule 37 provides enforcement mechanisms for a party's failure to make disclosures or cooperate in discovery, and states that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These "further just orders" may include orders:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[1] Plaintiff's amended complaint states:

> In the afternoon of January, 22, 2022 at approximately 11 a.m., FREEMAN was finished target practicing with his handgun, a .357 Magnum, and feeding his dogs when he received a phone call from a neighbor, Missy, that lives in an apartment across the street. This neighbor[] stated that her[] relatives[,] who were staying in her residence, observed this residence having been broken into by Sara Woods, Jennifer Wood's daughter, and she believed Sara had taken items from her home. Missy further stated to FREEMAN that Sarah Woods was at the cabin on Freeman's property, Jennifer Woods' previous residence, and might be in the process of stealing property from the cabin. FREEMAN then called 911 and reported a burglary in progress.

(*See* Doc. 11 at PAGEID 61, ¶ 11).

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* Instead of or in addition to these orders, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).[2]

Based on the foregoing, **IT IS RECOMMENDED THAT:**

1. Plaintiff be prohibited from introducing testimony from "Missy." *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

2. Given plaintiff's representation that he does not have contact information for this individual, plaintiff should not be required to pay defendant's expenses. *See* Fed. R. Civ. P. 37(b)(2)(C).

2. Defendant's motion (Doc. 50) be **GRANTED in part** as described above and otherwise **DENIED** in view of the balance of this Order.

### III. REMAINING DISCOVERY ISSUES

---

[2] While stated in mandatory terms, "the court should not order the payment of attorney's fees if doing so would be 'unjust.'" *John B. v. Emkes*, 517 F. App'x 409, 411 (6th Cir. 2013) (quoting Fed. R. Civ. P. 37(b)(2)(C)). *See also Asamoah v. Amazon.com Servs., Inc.*, No. 2:20-cv-03305, 2023 WL 3320432, at *2 (S.D. Ohio May 9, 2023) (declining to award attorney fees against a pro se plaintiff where the Court had already dismissed the action as a discovery sanction—explaining that "[t]he imposition of monetary sanctions does not provide a meaningful degree of extra punitive or deterrent benefit, especially where a litigant is *pro se*").

For the reasons stated on the record at the telephone status conference, the Court **ORDERS** as follows:

1. On **Thursday, July 20, 2024 at 3:00 p.m.**, plaintiff shall appear at the office of defendant's counsel and produce the following items:

    a. Plaintiff's recording of the January 22, 2022 telephone call between himself and "Missy."

    b. An estimate, in writing, of the dollar amount of all medical and any other alleged damages that plaintiff intends to seek at trial.

    c. Documentation regarding plaintiff's purchase of a new cell phone following the January 22, 2022 incident at issue.

2. On **Thursday, July 20, 2024 at 3:00 p.m.**, plaintiff shall sign releases/authorizations for the medical records of the providers listed in plaintiff's most recent filing with the Court. (*See* Doc. 60 at PAGEID 479 and 486 (chiropractor Terry F. Meredith)).

    **IT IS SO ORDERED.**

Date: 6/17/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WENDELL KENT FREEMAN,<br>   Plaintiff, | Case No. 1:22-cv-203<br>Cole, J.<br>Litkovitz, M.J. |
| v. | |
| JONATHAN SPOLJARIC,<br>   Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).