# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**WENDELL KENT FREEMAN,**

    **Plaintiff,**

        **Case No. 1:22-cv-203**

  v.

**JONATHAN SPOLJARIC, et al.,**     **JUDGE DOUGLAS R. COLE**
                                       **Magistrate Judge Litkovitz**

    **Defendants.**

## OPINION AND ORDER

Before the Court is Magistrate Judge Litkovitz's June 17, 2024, combined Order and Report and Recommendation (R&R, Doc. 62), in which she addresses Defendant Jonathan Spoljaric's Motion for Sanctions (Doc. 50), and related discovery issues. In the R&R portion of the order, she recommends that this Court impose certain Federal Rule of Civil Procedure 37 discovery sanctions against pro se Plaintiff Wendell Kent Freeman. For the reasons discussed briefly below, the Court **ADOPTS** the R&R and therefore **GRANTS IN PART** Spoljaric's Motion for Sanctions (Doc. 50). Accordingly, the Court **ORDERS** that Freeman is precluded at any trial in this matter from using testimony from a witness known as "Missy" because of his failure to timely disclose her full name or contact information. The Court otherwise **DENIES** Spoljaric's Motion to the extent that it seeks an assessment of costs and fees against Freeman or any other sanction.

## BACKGROUND

This R&R comes before the Court on the heels of a lengthy discovery dispute. On May 3, 2023—over a year ago—the parties submitted a joint discovery plan under

Federal Rule of Civil Procedure 26(f). (Doc. 38). That agreed plan called for the parties to make their initial disclosures by June 1, 2023. (*Id.* at #358). The parties also agreed that discovery would close on February 15, 2024. (*Id.* at #361).

Several months later, on January 30, 2024, the Magistrate Judge held an informal conference to facilitate the discovery process. As of that date—six months after the agreed-upon deadline for initial disclosures—Freeman had failed to produce the disclosures (and it appears had not produced much in terms of any other discovery materials either). (*See* Order, Doc. 48, #374–75). As a result, the Magistrate Judge ordered him to provide, inter alia, his initial disclosures by February 9, 2024. (*Id.* at #374).

That apparently did not happen. Rather, at the end of February, Spoljaric moved for sanctions against Freeman, (Doc. 50), alleging that Freeman still had not provided the ordered disclosures or complied with various other aspects of the Magistrate Judge's January 31, 2024, discovery order. (*Id.* at #380).

In her first of three orders related to the Motion, issued April 30, 2024, the Magistrate Judge denied Spoljaric's requested sanction—entry of default judgment against Freeman under Federal Rule of Civil Procedure 37(b)(2)(A)(vi). (Doc. 57, #439). She instead opted to give Freeman until May 10, 2024, to produce his initial disclosures, as well as various other discovery materials. (*Id.*). But that extension came with a warning—Freeman's failure to comply with the new deadline would result in a recommendation of dismissal. (*Id.* at #439–40).

Fast forward to mid-May. Spoljaric notified the Court that Freeman still had not fully complied with the Court's order to produce discovery. (Doc. 58). True, Freeman had taken at least some steps on that front. (*Id.* at #441–42). But most relevant to the Court's task here, Freeman apparently still had not provided his required initial disclosures. (*Id.* at #442). Owing to that deficiency (and some others), the Magistrate Judge—in her second of the three orders issued on the Motion and the discovery issues it raised—directed Freeman to submit a report by May 28, 2024, "addressing the deficiencies identified by defendant." (Doc. 59, #465). Freeman did so, representing that he had "fully responded" to the Magistrate Judge's earlier orders, and explaining his basis for saying so. (Doc. 60, #466).

That brings us to the present. After receiving Freeman's discovery report, Magistrate Judge Litkovitz filed her third order: the Order and R&R now before this Court. (Doc. 62). In that R&R, the Magistrate Judge once again considered Spoljaric's motion for Rule 37(b) discovery sanctions in light of Freeman's ongoing efforts at complying with discovery obligations. (*Id.* at #491).

Sanctions are available under Rule 37 when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). In the face of such a failure, courts may enter any "just orders." *Id.* Here, Spoljaric requested one of the more severe sanctions that Rule 37 authorizes: entry of default judgment against Freeman. (Doc. 50, #384); *see* Fed. R. Civ. P. 37(b)(2)(A)(vi). After weighing the record, though, the Magistrate Judge recommended against that sanction and in favor of the lesser sanction of evidentiary preclusion. (Doc. 62, #492–93); *see* Fed. R. Civ. P.

3

37(b)(2)(A)(ii). Specifically, the R&R recommends precluding Freeman from introducing any testimony from the person who Freeman identifies as "Missy" in his pleadings, (Am. Compl., Doc. 11 ¶ 11, #61–62), because of his failure to provide her identity or contact information in his initial disclosures. (Doc. 62, #492 & n.1). But since Freeman denied having Missy's contact information, the R&R declined to take the further step of ordering him to pay Spoljaric's expenses arising out of his failure to produce such information. (Doc. 62, #493); *see* Fed. R. Civ. P. 37(b)(2)(C).

The R&R also advised the parties that failing to object within fourteen days could result in a forfeiture of their rights to the Court's de novo review of the R&R as well as their rights to appeal the decision. (Doc. 62, #495). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1). Accordingly, an objecting party needed to object by July 1, 2024. The time for objecting has since passed, and no party has objected.

## LEGAL STANDARD

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel,* No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R

4

and has determined that it does not contain any "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

## LAW AND ANALYSIS

There are two distinct recommendations to review in the Magistrate Judge's R&R. First is the proposed discovery sanction precluding Freeman from introducing testimony from his undisclosed witness. Second is the Magistrate Judge's recommendation to excuse Freeman from paying Spoljaric's costs and fees relating to this discovery dispute.

**A. Exclusion of Testimony from Undisclosed Witness is Not Clear Error**

The Magistrate Judge did not clearly err in recommending sanctions for Freeman's repeated failure to comply with her discovery orders or in her choice to recommend an evidentiary preclusion sanction instead of default judgment.

The Federal Rules of Civil Procedure authorize courts to sanction parties who "fail[] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The court has an extensive menu of sanctions from which to select, including both (1) the sanction that Spoljaric requested (entry of default judgment), and (2) the one the Magistrate Judge ultimately recommended (evidentiary preclusion). Fed. R. Civ. P. 37(b)(2)(A)(ii), (vi).

Courts in the Sixth Circuit apply a four-factor test to determine whether a Rule 37(b) sanction is appropriate, asking (1) whether the disobedient party acted in bad faith; (2) whether the opposing party was prejudiced; (3) whether the court adequately warned the disobedient party of potential sanctions; and (4) whether

5

lesser sanctions were first imposed or considered (if the sanction currently under consideration is dismissal). *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 768–69 (6th Cir. 2019). The Court will refer to these as the "*Prime Rate* factors." *See also Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

The Court is satisfied that the Magistrate Judge's decision to preclude the presentation of evidence, rather than entering default judgment, does not amount to clear error.* The first and fourth *Prime Rate* factors weigh in Freeman's favor: based on her familiarity with the proceedings, the Magistrate Judge determined that there was no evidence that Freeman's disobedience was in bad faith; and the Court had not yet considered any lesser sanctions. (*See* Doc. 57, #437–39). The second and third factors, on the other hand, tilt in Spoljaric's favor: he suffered prejudice from the necessity to prod Freeman repeatedly for discovery; and the Court warned Freeman over a year ago that "continued failure to respond to Defendants' discovery requests may result in sanctions up to and including dismiss[al]." (Doc. 34, #301). Since the factors are a wash, the Magistrate Judge's determination to decline the "drastic sanction requested" out of an "abundance of caution" is not error at all, let alone clear error. (Doc. 57, #439).

The Magistrate Judge's recommendation to preclude Freeman from introducing certain evidence as an alternative sanction likewise is not clearly

---

* The Court notes that the Magistrate Judge's decision not to enter default judgment is only tacitly suggested by the R&R. The Magistrate Judge originally declined to enter default judgment, and more fully explained her reasons for doing so, in her April 30, 2024, Order. (Doc. 57, #439). Therefore, the Court relies on that Order's reasoning in reviewing the R&R's tacit recommendation here not to enter default judgment.

6

erroneous. While exclusion of a party's evidence can sometimes equate to dismissal, this is not such a case. *See Freeland*, 103 F.3d at 1276 (explaining that "preclusion of plaintiff's [witness's testimony,] ... in effect, resulted in the dismissal of plaintiffs' [case] ... because without [that testimony], plaintiffs had no claim to present"). Here, the undisclosed witness's testimony appears to be marginally relevant at best. "Missy," as she is identified in Freeman's Amended Complaint, played what seems to be a minor role. Indeed, taking the Complaint's allegations at face value, Missy simply notified Freeman of the suspected burglary, which in turn prompted him to call the police. (Doc. 11 ¶ 11, #61–62). After Spoljaric responded to Freeman's call, Missy played no further role in Freeman's account of the events. (*See* Doc. 11). Therefore, preclusion of her testimony does not nearly "result in the dismissal of [Freeman's] case" by depriving him of his star witness. *Freeland*, 103 F.3d at 1276 (cleaned up).

Since evidentiary preclusion does not amount to dismissal here, the *Prime Rate* factors come out differently. Now, only the first factor—whether the disobedient party acted in bad faith—weighs in Freeman's favor. Because the R&R did not recommend default judgment, "the fourth [*Prime Rate*] factor is not applicable to present circumstances." *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005); *Clear Cast Grp., Inc. v. Ritrama, Inc.*, No. 1:09-cv-169, 2011 WL 13334451, at *10 (N.D. Ohio Sept. 15, 2011). And the prejudice and notice factors still tilt the scales in Spoljaric's favor. With two out of three factors now leaning against Freeman, this

Court is satisfied that the Magistrate Judge did not clearly err in excluding the undisclosed witness's testimony.

Finally, it was not clear error for the Magistrate Judge to recommend a sanction (precluding evidence) that Spoljaric had not specifically requested. (Doc. 50, #383–84 (requesting default judgment as a discovery sanction, but not evidentiary preclusion)). Courts are empowered to enter Rule 37 sanctions sua sponte. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 n.8 (1991).

**B.  Recommendation Not to Assess Expenses Against Freeman is Not Clear Error**

The Magistrate Judge also did not clearly err in recommending that Freeman be excused from paying Spoljaric's costs and arising out of this discovery dispute. (Doc. 62, #493).

Under Rule 37(b), courts "must order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by [his] failure [to obey the discovery order]." Fed. R. Civ. P. 37(b)(2)(C). Although phrased in mandatory terms, the Rule comes with a caveat: disobedient parties need not pay for their noncompliance if their actions were "substantially justified or other circumstances make an award of expenses unjust." *Id.*

The R&R concluded that the record in this case triggers the exception to the rule. Because of Freeman's representation that the witness's contact information was unknown to him, the Magistrate Judge found that he had a "substantial justification" for violating the earlier discovery order. (*See* Doc. 62, #493). Based on its own review of the record, the Court is satisfied that the Magistrate Judge did not err in

8

concluding that Freeman had a "substantial justification"; Freeman could not disclose information that he did not have. The R&R further notes that Freeman's pro se status may make an award against him "unjust." (*Id.* at #493 n.2). While there is no per se rule against imposing fees on pro se parties, the Court agrees that pro se status is one factor that courts can consider in deciding whether to award fees. *Compare Asamoah v. Amazon.com Servs., Inc.*, Nos. 2:20-cv-3305, 2:21-cv-3, 2023 WL 3320432, at *2 (S.D. Ohio May 9, 2023), *with Bobo v. City of Chillicothe Police Dep't*, No. 2:05-cv-1122, 2007 WL 184729, at *2 (S.D. Ohio Jan. 19, 2007) (assessing fees against pro se parties as part of a Rule 37(b) sanction). Accordingly, the R&R does not err in recommending against such fees here.

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 62) and **GRANTS IN PART AND DENIES IN PART** Spoljaric's Motion for Sanctions (Doc. 50). Therefore, the Court **ORDERS** that Freeman is prohibited from introducing testimony from "Missy" but declines to assess costs and fees against Freeman.

    **SO ORDERED.**

August 26, 2024
 **DATE**               **DOUGLAS R. COLE**
                        **UNITED STATES DISTRICT JUDGE**